# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC WALLQUIST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY SI,<br><br>Defendant. | Case No. 8:22-cv-246<br><br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW, Plaintiff, Eric Wallquist ("Plaintiff"), by and through undersigned counsel, and for his causes of action against Defendant, American Family Mutual Insurance Company SI ("Defendant"), states and alleges as follows:

## INTRODUCTION AND NATURE OF THIS ACTION

1. This action involves a dispute arising under a policy of property insurance issued by Defendant to Plaintiff related to property losses resulting from a covered event namely wind and hail damage that occurred on or about August 7, 2021. This action seeks appropriate remedies and relief with respect to Policy number 26BJ-4028-01, which was in full force and effect at all times material hereto. The covered loss includes, but is not limited to, damage to property located at 18424 Pierce Circle, Omaha, Nebraska 68130-2725. The subject claim giving rise to this lawsuit was properly filed and is identified by Defendant as Claim No. 01003770404.

## THE PARTIES

2. Plaintiff is an individual residing in Omaha, Douglas County, Nebraska, and at all material, times was the policyholder and owner for real property located in Omaha, Douglas County, Nebraska commonly known as 18424 Pierce Circle, Omaha, Nebraska 68130-2725.

1

3. Defendant is a property-casualty insurance company domiciled in the State of Wisconsin with the statutory home office address at 6000 American Parkway, Madison, Wisconsin 53783-000. Defendant may be served by process by serving Defendant's registered agent for service, CSC-Lawyers Incorporating Service Co. at 233 South 13th Street, Suite 1900, Lincoln, Nebraska 68508.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. An actual justiciable controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. § 2201 regarding whether Defendant breached its duties to Plaintiff in violation of the express terms, conditions, and provisions of the subject policy as more particularly described below.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Plaintiff was the owner of the Property located at 18424 Pierce Circle, Omaha, Nebraska 68130-2725 (the "Property").

8. Defendant sold to Plaintiff, in exchange for valuable consideration, property insurance Policy number 26BJ-4028-01 (the "Policy"), which was in full force and effect at all times material hereto, whereby Defendant agreed to pay for, inter alia, direct physical loss to the Property resulting from any peril not otherwise excluded within the Policy (*see* Exhibit 1).

9. On or about August 7, 2021, Plaintiff's Property sustained direct, physical loss for no less than $195,749.69 resulting from a covered weather-related event, namely wind and hail damage, which is not excluded within the Policy (the "Loss") and the Policy was in full force and effect at the time of the Loss.

10. After the Loss, Plaintiff promptly and properly made a claim to Defendant for insurance benefits under the Policy for damages to the Property. Thereafter, Defendant assigned claim number 01003770404 to Plaintiff's claim.

11. Defendant began its investigation of the Loss and Plaintiff cooperated on all occasions during the pending claim with Defendant, including providing access to the Property at all material times.

12. On or about August 26, 2021, Plaintiff retained Rhett Shepherd from Rhino Public Adjusters LLC, to assist in the claims handling process and attempt to reach a resolution to the claim with Defendant.

13. On or about September 2, 2021, McDaniel Wallquist Construction provided Plaintiff with an estimate in the amount of $198,249.69 for the repair of the damage caused to the property.

14. Despite Defendant's failure to properly adjust the claim, the Policy unambiguously insures the Loss and resulting damages.

15. As a result of Defendant's failure to adequately investigate Plaintiff's Loss and failure to pay for all of the damages as required by its own insurance Policy, Plaintiff has been unable to repair all of the Property.

16. Plaintiff made a timely and complete claim, cooperated in every aspect of the same, yet this claim has been unreasonably delayed by Defendant. This delay has now compounded the

loss at the Property, all of which stands in stark contrast to the representations made to Plaintiff by Defendant when the policy was purchased.

17. As a result of Defendant's failure to properly adjust the claim, its refusal to pay for the true value of the Loss to the Property, and its continued delay in settling the pending claim, Plaintiff had no choice but to hire his own professionals, incurring costs and expenses associated with proper evaluation and investigation of its Loss.

18. The effect of Defendant's wrongful and unjustified delays and refusal to tender due and owing Policy proceeds and benefits is that Plaintiff has detrimentally relied upon the contract of insurance entered into with Defendant and remains without the benefit of the bargain.

19. As a result of Defendant's failure to honor its obligations and duties under the Policy, Plaintiff was forced to retain the services of legal counsel to protect its rights and remedies under the Policy and as an insured.

20. As of this date, Plaintiff has met and complied with all conditions precedent and duties under the subject insurance Policy, and all such conditions and duties have been waived by Defendant.

## CLAIMS AGAINST DEFENDANT

21. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, or representatives. Such was done with Defendant's full authorization or ratification and was completed in the routine course and scope of employment with Defendant.

## COUNT I
## BREACH OF CONTRACT

22. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 21 above as though fully stated herein.

23. Defendant sold, in exchange for valuable consideration, the Policy, whereby Defendant agreed to insure, inter alia, the Property owned by Plaintiff.

24. Plaintiff fulfilled all of their obligations under the Policy, including the payment of certain premiums to secure insurance on the dwelling and personal property.

25. Defendant's refusal to pay for the full value of the damages to the Property constitutes a breach of contract.

26. Due to Defendant's breach of the Policy, Plaintiff has suffered damages by way of unpaid insurance proceeds and benefits, has been forced to retain counsel, and further has been damaged by a sum to be determined at trial and final judgment.

## COUNT II
## BREACH OF THE COMMON LAW DUTY OF
## GOOD FAITH AND FAIR DEALING

27. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 26 above as though fully stated herein.

28. There is an implied covenant of good faith and fair dealing in the insurance contract between Defendant and Plaintiff.

29. Defendant had no reasonable basis for denying the benefits of the insurance Policy and Defendant knew of, or recklessly disregarded, the lack of a reasonable basis.

30. Defendant's reckless indifference to the facts or to the law can be inferred and imputed from its actions; specifically Defendant unfairly handled Plaintiff's claim, inadequately adjusted Plaintiff's claim, and failed to conduct a reasonable investigation to determine whether there was a reasonable basis for denial of claim and that Plaintiff is therefore entitled to damages as a result of this conduct as well.

31. Defendant has, in violation of the covenant of good faith and fair dealing, hindered the timely resolution of Plaintiff's insurance claim.

32. Defendant knows or had reason to know that it does not have a reasonable basis for denying payment of Plaintiff's Covered Loss under the Policy.

33. Defendant's reckless indifference to the facts, evidence, and the proof submitted by Plaintiff amounts to a breach of Defendant's fiduciary responsibility for good faith and fair dealing with Plaintiff, the insureds.

34. As a direct and proximate result of Defendant's bad faith and/or its unfair property and casualty settlement practices, Plaintiff has suffered compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees, public adjuster fees, costs, and expenses.

## DAMAGES

35. That Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

36. That Defendant's acts have been the producing or proximate cause of damage to Plaintiff and, therefore, Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court, including contractual damages, consequential damages in contract, compensatory damages in tort, and reasonable attorney fees pursuant to Neb.Rev.Stat. § 44-359.

## JURY DEMAND

37. That Plaintiff demands a trial by jury with respect to each of his causes of action outlined herein.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant, that Plaintiff be awarded all of his actual damages, consequential damages, compensatory damages, pre-and post-judgment interest thereon, Plaintiff's attorney fees and costs

incurred herein pursuant to Neb.Rev.Stat. § 44-359 and for all such other further relief, whether pled or unpled within this Complaint, to which Plaintiff may be justly entitled.

DATED this 7th day of July 2022.

          ERIC WALLQUIST, Plaintiff

          Benjamin P. Barmore
          Zerbe, Miller, Fingeret, Frank & Jadav
          3009 Post Oak Blvd., Suite 1700
          Houston, TX 77056
          Telephone: (713) 350-3523
          Facsimile: (713) 350-3607
          Bbarmore@ZMFLaw.com

and

By: /s/ Justin D. Eichmann - #22405
     Justin D. Eichmann - #22405
     HOUGHTON BRADFORD WHITTED PC LLO
     6457 Frances Street, Suite 100
     Omaha, Nebraska 68106
     (402) 344-4000 | (402) 933-1099 Fax
     jeichmann@houghtonbradford.com

*Attorneys for Plaintiff*